**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,      )
)
)
    v.                     )      ID No. 2203008695
)
)
NAQUAN POWELL,      )
    Defendant.       )
)

Submitted: February 19, 2025
Decided: May 16, 2025

## ORDER

1. Naquan Powell has moved for relief under Delaware Rules of Criminal Procedure Rule 61.

2. Powell was indicted on 1 count of Burglary 1st Degree, 3 counts of Kidnap 1st Degree, 1 count of Assault 2d Degree, 2 counts of Rape 1st Degree, 1 count of Rape 2d Degree, Strangulation, Assault 3d Degree, Terroristic Threatening, 2 counts of Endangering the Welfare of a Child, and 1 count of Non-compliance with Bond Conditions.

3. The facts giving rise to the charges as recounted in the presentence investigative report are ugly. Powell had a prior relationship with the victim, a woman named Megan Kerwin. Powell was to have no contact with Megan as a result

1

of a previous menacing charge out of Family Court. The no contact order was apparently of no effect whatever.

4. The incident began on March 9, 2022, in Newark, Delaware, and ended on March 14, 2022. In the intervening 5 days, Powell raped Megan repeatedly, strangled and assaulted her multiple times and broke her nose. Powell ordered Megan to drive him and her sons to New York, Pennsylvania, Georgia, and Virginia. On the last night in a hotel in Virginia, he assaulted her while her twin sons looked on. The next morning Megan handed a note to a waitress at a Waffle House in Richmond, Virginia, that she was being held captive by Powell.

5. The Defendant and his attorney worked out a plea agreement. Under the terms of a plea agreement, Powell pled guilty to 1 count of Burglary 1st Degree, 1 count of Kidnap 2d Degree and 2 counts of Endangering the Welfare of a Child. Other terms of the agreement were that the State would "cap" its sentencing recommendation at 15 years and the Defense was free to request no more than the minimum mandatory sentence of 6 years. After accepting the guilty plea as knowing, intelligent and voluntary, the Court ordered a presentence investigation and deferred the date for sentencing.

6. Upon his return to Court, the sentencing judge imposed 2 years in prison for the kidnap charge and 10 years in prison for the Burglary 1st degree,

followed by various levels of probation. Thus, the sentence was 3 years below the State's agreed upon "cap." No appeal was filed.

7. Powell filed his timely Rule 61 motion in September, 2024, about 3 months after sentencing. After an initial review of the motion, the Court requested an affidavit from his trial counsel. That affidavit was received in Court on February 20, 2025, and informs at least part of the Court's view of the motion on its merits.

8. In his motion, Powell has raised three claims, each of which will be addressed. First, Powell says double jeopardy was violated because he was also charged with offenses in the State of Georgia, for which he says he was sentenced to probation in Georgia. Second, Powell claims his attorney "withheld my discovery from me" and other information gleaned by a private investigator was withheld and his attorney lied to him. Finally, Powell says, "I was never given a copy of my discovery from my attorney or the prosecutor when I requested it, so I wasn't able to actually defend myself."

9. The affidavit of Trial Counsel reflects that the Defendant was indeed indicted in the State of Georgia on charges of False Imprisonment and 2 counts of "Cruelty to Children in the Third Degree" in Chatham County, Georgia, for offenses occurring "on or about March 14, 2022." The charges in Delaware were for offenses that occurred in Delaware between March 9-11, 2022. Powell's prosecution in Georgia for crimes committed while in Georgia does not in any way impede

3

Delaware's right to prosecute him for offenses committed in Delaware. His double jeopardy claim is not meritorious.

10. Powell says counsel was ineffective because he "withheld my discovery from me and also withheld information that was obtained by a private investigator. He did nothing but lie to me as well."

11. Trial Counsel's affidavit recites that he kept Powell abreast of discovery and did not withhold information obtained by a private investigator or lie to Powell.

12. Aside from the factual dispute, Powell makes no showing at all what discovery he believes he was entitled to that was withheld and what or how access to whatever it is/was would have likely changed the outcome. He does not identify any "private investigator" which, the Court notes, the Office of Defense Services does not generally retain. In order to state a claim under Rule 61, the claimant must make some showing that, had the subject of the complaint been handled differently, the result in his case would likely have been different. Powell makes no such claim. He pled guilty and he received a sentence bargain as part of the plea agreement. The Court honored the sentence bargain. He was the beneficiary of the bargain. These complaints, even if factually accurate, do not demonstrate that he has suffered "prejudice" as that term is used in Rule 61 litigation.[1]

---

[1] *See Strickland v. Washington*, 466 U.S. 668, 695 (1984) (when a defendant challenges a conviction based on prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

4

13. The plea of guilty specifically waived any right to contest the charges and admitted that he was in fact guilty as charged. His guilty plea has created a very tall mountain to climb to reverse course now and start over. His motion does not make it to the foothills.

14. Powell says, "I was never given a copy of my discovery from my attorney or the prosecutor when I requested it, so I wasn't able to equally defend myself (Brady v. Maryland)."

15. Powell was represented by experienced Trial Counsel, who swears he received discovery, as required by Rule 16. When represented by an attorney at public expense, Powell had no individual right to his own copy of "his" discovery. Indeed, such discovery is usually covered by a Protective Order specifically disallowing Trial Counsel sharing it directly with his/her client, to avoid complaints of witness tampering, etc. It is not surprising he did not actually see the discovery – it is not for him – it is for his attorney.

16. Perhaps more to the point, as noted above, Powell does not indicate what he believes is in the discovery that would have changed the outcome of his guilty plea, which included a bargained sentence. Again, absent a showing of prejudice, Powell has shown no right to relief under Rule 61.

17. The Defendant admitted his guilt to the charges in open court and received the benefit of 1) being convicted of less than all the charges and 2) a

sentencing recommendation that gave him a chance at release from prison in his lifetime – a result that likely would not have happened had he been convicted at trial. Nothing in his Rule 61 motion remotely suggests he received constitutionally ineffective assistance of counsel or he is in any way entitled to relief under Rule 61. Therefore, Powell's motion for relief under Rule 61 is **DENIED**.

 **IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc: Prothonotary
   Nichole T. Whetham Warner, Deputy Attorney General
   Naquan Powell (SBI # 00956789)